Brinkerhoff, J.
The bill of exceptions sets forth all the evidence given on the trial below;. but it would be a useless labor to .■repeat it here. It is enough to say that it establishes, beyond reasonable question, the fact that the plaintiff below, being a brakeman •on a train going east, received the injury of which he complains, through the negligence and misconduct of the conductor or engineer, or both, in charge of-the train number eleven going west, and with which the train on which the plaintiff below belonged, and on which he was serving, came in collision.
The motion for a new trial on the ground that the verdict was against the evidence, apd the latter part of the charge of the court below to the jury, both, therefore, present the distinct question, whether — in the absence of any evidence that the railroad company had knowingly or negligently employed an incompetent conductor or engineer for the train, through the faulty running of which the collision occurred — the company is, in law, responsible for an injury received by a brakeman of one train, in consequence of the negligence or mismanagement of the conductor or engineer of another train of the same company ?
A comprehensive summary of the branch of the law applicable to this question, as settled by cases so uniform and numerous that it is needless to cite them, in England, New York, Massachusetts, Pennsylvania, and the most of the other states of the Union, is thus stated by Read, J., delivering the opinion of the Supreme Court of Pennsylvania, in Caldwell v. Brown, 6 Am. L. Register, N. S. 752 :
11A servant, by entering into his master’s service, assumes all the risks of that service which the master can not control, including those arising from the negligence of his follow-servants. In case of •an injury to one servant by the negligence of another, it is immaterial whether he who causes *and he-who sustains the injury are or are Pot engaged in the same or similar labor, or in positions of equal grade or authority. If they are acting together, under one master, in carrying out a common object, they are fellow-servants. The master, indeed, is bound to use ordinary care in providing •suitable structures, engines, tools, and apparatus, and in selecting proper servants, and is liable to other servants in the same employ t ment if they are injured by his own neglect of duty. But it makes no difference whether the master is an individual or a corporation: in either case he is responsible to his servants for his own negligence, but not for that of their, fellow-servants.”
*195 But on this general doctrine a single exception has been ingrafted in this state- — first, by a divided court, in Little Miami Railroad Company v. Stevens, 20 Ohio, 415, and afterward by a full court, in C., C. & C. R. R. Co. v. Keary, 3 Ohio St. 201, and thenceforward recognized by this court in subsequent cases. That exception is this, that where one servant is placed in a position of subordination to, and subject to the orders and control of another servant of a common master, and the subordinate servant, without fault of his own, and while in the performance of his duty, is injured through the negligence of the superior servant while acting in the common service, an action lies in favor of the inferior servant so injured, against the master.
But this is the extent and limit of the exception. Beyond it no case in Ohio has ever gone; but, on the contrary, the language of the court in all the cases is careful to exclude the conclusion that an action might be maintained against the master by one servant who has been injured through the negligence of a fellow-servant, where no relation of superior and subordinate existed between them.
And the case of Whalan v. The M. R. & L. E. R. R. Co., 8 Ohio St. 249, turned upon this limitation. The decision in that case was made by a unanimous bench; and we are unable to see how the rulings of the court below can be sustained without overruling that case.
The case of Hutchinson v. Railway Co., decided by the court of exchequer in 1850 (5 Exch. 342), is even more closely in *point. There, in one aspect of the case assumed by the court to be the true one, the party injured was, as here, employed as a servant of a railway company on one train, and was injured by a collision with another train, occurring through the negligence of other servants of the same company in the management of the latter train. The court held that the company was not responsible, unless the company had been culpably negligent in the selection of the servant or servants through whose fault the injury arose; and no such negligence appeared in that case, as there does not in this.
Indeed, in all the books, I am unable to find a single case which would justify'the rulings of the court below, with the single exception of Chamberlain v. Mil. & Miss. R. R. Co., 11 Wis. 239, which seems to go to the full length of holding that a master is in all cases liable for an injury received by one servant, by means of the negligence of a fellow-servant engaged in a common employ *196 ment, irrespective of any circumstances of superiority, subordination, rank, or grade. In going to this extent, I believe the Supreme-Court of Wisconsin stands alone. A majority of this court is unwilling to follow it, believing, as we do, that it would be wrong in’ itself, and disastrous in its tendencies to every business requiring many hands to prosecute it. Yet, I am unable to see how, if we sustain the rulings of the court below, we can, on any well-grounded-distinction, stop short of proceeding to the same extreme length.
Employers are not omniscient; and if they were, they would, hardly he able to find employes whose vigilance was incapable of relaxation, and whose carefulness would never lapse into negligence. It is therefore unreasonable to expect such results from employers of ordinary penetration and insight into character, and wrong to exact it from them. And if it be a crime, or quasi crime, as some who argue the question of the master’s responsibility seem unconsciously to intimate, to put in operation the tremendous and dangerous enginery and natural forces which modern civilization has-discovered, invented, and apjdied, it is surely a sufficient answer to-a claim of responsibility on that ground against the employer, on the part of the employe, to say that the flatter is a voluntary pariiceps criminis. And in the consideration of questions arising under the law regulating the rights and obligations of master and servant, it is important that we should not forget that the same rules which we apply as against railways and other rich and powerful corporations, must also be applied with equal’hand to private-employers of labor in analogous eases.
The true general rule is, and so it must be, that when men are enqfioyed for the prosecution of a lawful but hazardous business, they assume the hazards of such employments arising from the-negligence of co-employes, and stipulate for compensation according to their estimate of such hazards; subject, however, to this exception, that the master is liable for such injuries as accrued to-the servant from the negligence of a fellow-servant in the selection of whom the master has been culpably negligent; and to this we-in Ohio have added the further exception of a case where the servant injured is subordinate to, and acting under the orders of the culpable fellow-servant.
For the reasoning on which the decisions establishing this exception are based, the members of this court, as now constituted, are-not responsible; nor are we at all bound to carry out their logic to *197 its ultimate consequences. In subsequent cases, strictly analogous in tbeir facts, those decisions will doubtless be accepted as authoritative ; but the case now before us does not require us to review them.
In adding this last-named exception to the rule elsewhere generally established, we have already diverged from the general current of judicial decision elsewhere. A majority of the court are unwilling to increase the divergence; doubting, as we do, the wis•dom of such a step, and being unwilling to assume the responsibility of what would savor so strongly of judicial legislation.
A majority of the court are of opinion that the court of common .pleas erred in overruling the motion for a new trial, on the ground that the verdict was against.-the evidence, and also in the latter part of the charge to the jury, as being calculated to mislead the jury ■into the belief that the plaintiff *below was entitled to recover on the facts of the case above assumed to be shown by the record.
Judgment reversed, and cause remanded to the court of common pleas.
Day, C. J., and Scott, J., concurred.
"White and Welsh, JJ., dissented.